**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dell Edwin Boswell, ) | No. CV 13–0501–TUC–LAB |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan; et al., ) | |
| Respondents. ) | |

    Pending before the court is an amended petition for writ of habeas corpus filed on July 8, 2013, by Dell Edwin Boswell, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 4) Boswell argues (1) the state lacked sufficient evidence to support a guilty verdict and (2) the trial judge personally found aggravating factors, which can only be found by a jury beyond a reasonable doubt. *Id.*

    Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 14)  The petition will be denied.  It is time-barred.

Summary of the Case

    On February 3, 1994, Boswell was convicted of sexual conduct with a minor under fourteen. (Doc. 4, p. 2) He was subsequently sentenced to the aggravated maximum of 25 years in prison. *Id.*  Boswell appealed, arguing primarily that the victim's testimony was unreliable and that the evidence failed to corroborate her claims. (Doc. 4, p. 6)  On June 4, 1996, the

Arizona Court of Appeals affirmed the conviction. (Doc. 12, p. 2) Boswell did not seek further review from the Arizona Supreme Court.

Approximately fourteen years later in 2010, Boswell petitioned for post-conviction relief arguing that the trial judge erred in imposing an aggravated sentence without relying on a jury to find aggravating factors. (Doc. 12-1, p. 12) In August of 2011, the Pima County Superior Court denied the petition as untimely. (Doc. 12-1, pp. 26-27) In 2012, the Arizona Court of Appeals denied Boswell's subsequent petition for relief, and the Arizona Supreme Court denied his petition for review. (Doc. 12, p. 3)

On June 18, 2013, Boswell filed a petition in this court for a writ of habeas corpus. (Doc. 1) In his amended petition, he claims (1) he was convicted on insufficient evidence and (2) he was improperly sentenced. (Doc. 4, pp. 6-7) In their answer, the respondents argue the petition is time-barred. (Doc. 12) They are correct.

Discussion

The limitation period is set by the AEDPA's section 2244(d)(1), which reads as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "[The] AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

1    Boswell argues first that because he filed his direct appeal in 1995, before the effective
2 date of the AEDPA, the 1-year limitation does not apply. (Doc. 4, p. 6) He is incorrect. The
3 AEDPA applies to all petitions filed after its effective date of April 24, 1996. *Mejia v. Garcia*,
4 534 F.3d 1036, 1042 (9th Cir. 2008); *cert. denied*, 555 U.S. 1117 (2009).

5    The limitation period for Claim (1) was triggered when Boswell's judgment became
6 final. 28 U.S.C. § 2244(d)(1)(A). Boswell's direct appeal was denied on June 4, 1996. (Doc.
7 12-1, pp. 2-4) He elected not to petition for review from the Arizona Supreme Court within the
8 30 days allotted by Ariz. R. Crim. P. 31.19(a). (Doc. 12, p. 4) As a result, his judgment became
9 final on July 4, 1996. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), *cert.*
10 *denied*, 555 U.S. 829 (2008) The limitation period expired one year later on July 4, 1997.
11 Boswell filed his petition on June 18, 2013. (Doc. 1) Consequently, this claim comes roughly
12 16 years too late and must be dismissed.

13    In Claim (2), Boswell argues the trial judge erred by personally finding aggravating
14 factors, citing *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely*, however, was decided after
15 Boswell's case became final and does not apply retroactively. *See, e.g.*, *Schardt v. Payne*, 414
16 F.3d 1025, 1027 (9th Cir. 2005); *State v. Febles*, 210 Ariz. 589, 597, 115 P.3d 629, 637 (App.
17 1st Div. 2005). Consequently, the limitation period for this claim was not triggered by 28 U.S.C.
18 § 2244(d)(1)(C), which would have delayed the start of the limitation period by approximately
19 eight years.

20    Boswell argues to the contrary that this claim does not rely on *Blakely*, but instead relies
21 on a long-standing constitutional rule that *Blakely* merely applied. (Doc. 4, p.7); *see*
22 *Cunningham v. California*, 549 U.S. 270 (2007) ("[T]he Federal Constitution's jury-trial
23 guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the
24 statutory maximum based on a fact, other than a prior conviction, not found by a jury or
25 admitted by the defendant."). Boswell's argument, however, puts Claim (2) in the same boat
26 as Claim (1). The limitation period for Claim (2) was triggered on the date the judgment
27 became final just like Claim (1). Accordingly, Claim (2) is likewise time-barred.

28

<u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 Cases requires that in habeas cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, the court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the court's conclusions and ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

IT IS ORDERED that the amended petition for writ of habeas corpus filed on July 8, 2013, by Dell Edwin Boswell, is DISMISSED as time-barred.

IT IS FURTHER ORDERED denying the petitioner a certificate of appealability.

The Clerk is directed to prepare a judgment and close this case.

DATED this 5th day of August, 2014.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge